Beilal Chatila (California SBN 314413)
CHATILA LAW, LLP
5933 ESTATES DR
OAKLAND, CA 94611-3113
Ph: (888) 567-9990

Hassan Ali Zaarour, ESQ. (Michigan SBN P83043)
ZAAROUR LAW PLLC
835 MASON STREET
SUITE C-116
DEARBORN, MI 48124
Ph: (313) 403-3377

Attorneys for Plaintiff Moody's Art, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NORTHERN CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **MOODY'S ART, LLC.**, a Michigan Limited Liability Company, | ) CASE NO. |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF** |
| v. | ) |
| **FASHION NOVA,** a California Limited Liability Company, | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

Plaintiff MOODY'S ART, LLC, states the following for their case against FASHION NOVA, LLC as follows:

INTRODUCTION AND GENERAL FACTUAL ALLEGATIONS

1. Plaintiff MOODY'S ART, LLC, and Defendant, FASHION NOVA, LLC, are competitors in the online, retail garment business.

2. On December 21, 2020, Plaintiff first used in commerce the distinctive trademark:

"SORRY I WAS TRAPPING" printed boldly, plainly, and clearly on their products.



(Exhibit 1)

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

3. An application to register that trademark was then made by Plaintiff to the United States Patent and Trademark Office on January 12, 2021, which was subsequently granted by the federal government on November 9, 2021, registration no. 6,554,656 (application ser. no. 90-461,376).



(Exhibit 2)

4. Plaintiff is alleging herein that the Defendant, doing business as FASHION NOVA, is liable for damages to Plaintiff for federal and state Trademark Infringement and Unfair Competition, as specified further below, when knowingly and purposefully marketing, distributing, offering for sale, and selling their garments with Plaintiff's distinctive and registered trademark "SORRY I WAS TRAPPING," or words substantially similar to that effect, boldly, plainly, and clearly printed on them, and intending or recklessly designed to cause confusion among ordinary consumers, in violation of the federal Lanham Act (15 U.S.C. §§ 1051 *et seq.*)



      (Exhibit 3A)            (Exhibit 3B)            (Exhibit 3C)

//

//

//

//



(Exhibit 3D)      (Exhibit 3E)      (Exhibit 3F)

(Exhibit 3G)      (Exhibit 3H)      (Exhibit 3I)



      (Exhibit 3J)            (Exhibit 3K)           (Exhibit 3L)

Furthermore, those garments have been sold to persons within the State of California, in other states of the United States, and around the world in violation of state laws, international law, and the "municipal" laws of other nations governing trademark infringement and unfair and deceptive trade practices under those laws.

5. Defendant has received numerous demands from Plaintiff to cease and desist their infringement of Plaintiff's trademark and has ignored every contact of them by Plaintiff.

6. In every cause of action pleaded herein, Defendant has acted with oppression, fraud, or malice in their conduct by clear and convincing evidence.

PARTIES

7. Any and all allegations stated previously in this complaint are incorporated herein as though fully set forth.

8. Plaintiff MOODY'S ART LLC., is a citizen of the State of Michigan, with his headquarters and principal place of business located at 4312 E. Grand River, in Howell,

Michigan, zip code 48843, and doing business worldwide across the Internet as http://sorryiwastrapping.net.

9. Defendant FASHION NOVA, LLC., is a citizen of the State of California, state registration no. 202106210496, with its headquarters and principal place of business located at 2801 E. 46th Street, Vernon, California 90058, and doing business worldwide across the Internet as http://fashionnova.com and in variously located "pop-up shops."

10. The Defendant and unidentified Defendants were the agents of each other in causing the harm complained of herein.

11. Any and all unidentified Defendants are persons presently unknown to the Plaintiff and they will be substituted into this case as named Defendants when their identities have become known.

## JURISDICTION AND VENUE

12. Any and all allegations stated previously in this complaint are incorporated herein as though fully set forth.

13. The District Court in this case has federal question jurisdiction pursuant to 28 U.S.C. § 1331, where the matter in controversy arises under the laws and Constitution of the United States. In particular, this Court has subject matter jurisdiction under the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), particularly 15 U.S.C. § 1121, 28 U.S.C. §§ 2201 and 2202, with subject matter jurisdiction over Plaintiff's related, pendant state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

14. This Court also has personal jurisdiction over the Defendant due to its organization as a limited liability company in the State of California, where it also maintains its headquarters and principal place of business. Furthermore, this Court has personal jurisdiction over Defendant because, upon information and belief, Plaintiff alleges as follows: (a) "Fashion Nova" is a limited liability company organized in the State of California under state registration no. 202106210496

with its headquarters and place of business in that state; (b) Defendant has knowingly and purposefully marketed, distributed, offered for sale, and sold their garments with the Plaintiff's trademark boldly, plainly, and clearly printed on them to persons within the State of California and around the world; (c) Defendant regularly transacts and conducts business within the State of California and the world; and (d) Defendant has otherwise made or established contacts within the State of California and pursuant to California's "long arm" statutes (California Corp. Code §§ 2100, *et seq.*) sufficient to permit the exercise of personal jurisdiction by this Court.

15. Venue in the Northern District of California and in the Oakland Division thereof is appropriate where, pursuant to U.S.C. § 1391(b)(1), this is a judicial district in which the Defendant corporation "resides" for the purposes of doing business  Furthermore, venue is appropriate in the Oakland Division of this Court where, pursuant to Civil L.R. 3-2(c) and (d) and General Order no. 44 (D)(1), actions in the "excepted" category of intellectual property shall be assigned on a district-wide basis and in the county served by the District Court in which the case arises.

FIRST COUNT

**Federal Trademark Infringement**

16. All allegations stated previously in this complaint are incorporated herein as though fully set forth.

17.  Defendant's blatant use of Plaintiff's distinctive mark, put into commerce prior to Defendant's use of the mark and registered by Plaintiff with the United States Patent and Trademark Office, has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Plaintiff's goods are manufactured or distributed by Defendant, or that those goods are affiliated, connected, or associated with Plaintiff, or that they have the sponsorship, endorsement, or approval of Plaintiff.

18. Defendant has made false representations, false descriptions, and false designations

of its goods in violation of 15 U.S.C. § 1125(a). Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as protected by Plaintiff by registration under the Lanham Act and for which Plaintiff has no adequate remedy at law.

19. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's registered trademark to the great and irreparable injury of Plaintiff.

20. Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

SECOND COUNT

**State Law Trademark Infringement and
Unfair and Deceptive Trade Practices**

21. All allegations stated previously in this complaint are incorporated herein as though fully set forth.

22. Defendant has been and is passing off its goods as those of Plaintiff, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendant's goods, causing a likelihood of confusion as to Defendant's affiliation, connection, or association with Plaintiff, and otherwise damaging the public.

23. Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California, CAL. BUS. & PROF. CODE § 17200, et seq. (West 2022); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (2020); Delaware,

Complaint                         Moody's Art, LLC v. Fashion Nova, LLC., Case No.
**9**

DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2022); Georgia, O.C.G.A. §§ 10-1-370 to 10-1-375 (2020); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (West 2020); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2021); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (2021); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (2021); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2021); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (2020); New York, N.Y. GEN. BUS. Law § 349 (West 2021); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (2020); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2021).

24. Defendant's unauthorized and blatant use of Plaintiff's distinctive mark, put into commerce prior to Defendant's use of the mark and registered by Plaintiff with the United States Patent and Trademark Office, has caused and is likely to cause substantial injury to the public and to Plaintiff. Plaintiff, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## THIRD COUNT

**Common Law Trademark Infringement and
Unfair and Deceptive Trade Practices**

25. All allegations stated previously in this complaint are incorporated herein as though fully set forth.

26. Defendant's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

27. On information and belief, Defendant acted with full knowledge of Plaintiff's use of, and rights to Plaintiff's registered trademark and without regard to the likelihood of confusion of the public created by Defendant's activities.

28. Defendant's actions demonstrate an intentional, willful, and malicious intent to

trade on the goodwill associated with Plaintiff's registered trademark to the great and irreparable injury of Plaintiff.

29. As a result of Defendant's actions, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to injunctive relief, and to an accounting of Defendant's profits, damages, and costs. Further, in light of the deliberate and malicious use of Plaintiff's registered trademark and confusingly similar imitations of Plaintiff's registered trademark, and the need to deter Defendant from engaging in similar conduct in the future, Plaintiff additionally is entitled to punitive/exemplary damages.

## FOURTH COUNT

### Trade Dress Infringement

30. All allegations stated previously in this complaint are incorporated herein as though fully set forth.

31. Defendant has used Plaintiff's trademark in combination with other images and/or other logos substantially similar to Plaintiff's images or logos used with its trademark and which are confusingly similar.

32. Defendant's acts constitute common law trade dress infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

33. On information and belief, Defendant acted with full knowledge of Plaintiff's use of its trademark and without regard to the likelihood of confusion of the public created by Defendant's activities.

34. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's trademark. As a result of Defendant's actions, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum,

however, Plaintiff is entitled to injunctive relief, to an accounting of Defendant's profits, damages, and costs. Further, in light of the deliberate and malicious use of Plaintiff's trademark and confusingly similar imitations of Plaintiff's trade dress, and the need to deter Defendant from engaging in similar conduct in the future, Plaintiff additionally is entitled to punitive damages.

## FIFTH COUNT

### Dilution

35. All allegations stated previously in this complaint are incorporated herein as though fully set forth.

36. Defendant's dumping of garments at market values only one-tenth of those charged by Plaintiff is greatly diluting the value of Plaintiff's trademark by tarnishment. In addition, the use of the trademarked phrase "sorry I was trapping," or substantially similar phrases, dilute Plaintiff's mark through blurring. In-so-doing, Defendant has infringed on the lawfully protected rights of Plaintiff, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, and Defendant has used this mark or trade name in commerce in a manner that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, and therefore has greatly diluted the value of Plaintiff's trademark under 15 U.S.C. § 1125(c).

37. Also, under the terms of 15 U.S.C. § 1125(c)(1), and due to Defendant's dilution of Plaintiff's trademark, Plaintiff may enjoin Defendant regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

38. Because Defendant's conduct is willful, Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c) and 1117.

## PRAYER FOR RELIEF

39. The Plaintiff hereby prays for the following relief by order of this Court:

a) For an award of damages as follows:

    i. For compensatory damages in an amount to be proved at trial;

    ii. For exemplary damages in an amount to be proved at trial;

b) For appropriate injunctive relief; and

c) For a declaration of the rights and duties of each party relevant to the facts pleaded in this case.

d) For attorney's fees and costs as allowed by law.

## JURY DEMAND

Insofar as there may be contested facts, and where said facts might be heard by a jury of the parties' peers, a jury trial is demanded in this case.

## VERIFICATIONS AND SIGNATURES

I, Beilal Chatila, declare under penalty of perjury under the Laws of the United States that the foregoing facts are true and correct and, where they are known according to information and belief, I have information and belief to believe they are true.

Dated: March 31, 2021

By:    /s/ Beilal Chatila
        Beilal Chatila,
        Attorney for Plaintiff

I, Hassan Ali Zaarour, declare under penalty of perjury under the Laws of the United States that the foregoing facts are true and correct and, where they are known according to information and belief, I have information and belief to believe they are true.

Dated: March 31, 2021

By:    /s/ Hassan Ali Zaarour
        Hassan Ali Zaarour,
        Attorney for Plaintiff